UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
RANIER LAPOMPE,

                              Plaintiff,

   -against-

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                             Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21-CV-4160 (EK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

On July 23, 2021, Plaintiff filed this case challenging a decision by the Social Security Administration ("SSA") denying his application for Social Security Disability benefits. (Compl., ECF No. 1.) Following remand to the agency, an SSA administrative law judge issued a decision in Plaintiff's favor and awarded past due benefits. Plaintiff's counsel now seeks attorney's fees. (Fee Mot., ECF No. 23.) The Court respectfully recommends that Plaintiff's motion for fees be granted.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

On July 23, 2021, Plaintiff filed a complaint asserting that the denial of his claim for social security disability by an administrative law judge ("ALJ") was erroneous, not based on substantial evidence, and an abuse of discretion. (Compl., ECF No. 1, ¶¶ 3–4, 7.) On February 15, 2022, Plaintiff filed a motion for judgment on the pleadings and a memorandum of law in support, detailing his arguments as to why the decision was erroneous and remand was warranted. (Mot., ECF No. 13; Mem. of Law, ECF No. 13-1.) In lieu of filing a substantive response to Plaintiff's motion, the government stipulated to remand the case for further administrative proceedings because the ALJ "did not

1

properly consider all of Plaintiff's alleged impairments." (Stip. & Order, ECF No. 17, at 1.) On April 28, 2022, the Hon. Eric R. Komitee signed an order remanding the case based on the parties' stipulation. (*Id.*)

On May 2, 2022, Plaintiff filed a notice of motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), seeking $5,122.24 in fees, and representing that the parties would attempt to resolve the EAJA fee petition without a need for court intervention. (Not. of Filing of Pet. for an Award of Att'y's Fees, ECF No. 19.) The next day, the parties filed a stipulation and proposed order regarding the EAJA fees petition, indicating that the parties had agreed that Plaintiff should be awarded $5,122.24. (Letter, ECF No. 20.) On July 19, 2022, Judge Komitee directed Plaintiff to file a motion under the EAJA that "contain[ed] the showing required by 28 U.S.C. § 2412(d)(1)(B)." (July 19, 2022 ECF Order.) Plaintiff filed a motion that same day, which Judge Komitee granted, awarding Plaintiff fees under the EAJA in the amount of $5,122.24.[1] (Mot. for Att'y's Fees, ECF No. 21; Nov. 10, 2022 ECF Order.)

On remand, an SSA ALJ issued a new decision, finding that Plaintiff was disabled within the meaning of the Social Security Act from May 1, 2019, until May 3, 2021. (ALJ Decision, ECF No. 23-2, at ECF pp. 14, 18–25.) Accordingly, on August 26, 2024, the SSA issued an award to Plaintiff of $42,545.00 in past due benefits and, on September 20, 2024, an award of $21,266.00 in past due benefits for his auxiliary beneficiaries, totaling $63,811.00 in past due benefits. (Nots. of Award, ECF No. 23-2, at ECF pp. 33–34, 38, 41, 42 & 46.) From these amounts, the SSA withheld 25%, or $15,952.75, in attorney's fees. (*See id.* at ECF pp. 34, 41, 46.)

---

[1] Judge Komitee's order awarding EAJA fees also stated that: "It is further agreed that payment of fees will be made directly to plaintiff's attorney if plaintiff has agreed to assign his rights to EAJA fees to his attorney, and provided that plaintiff owes no debt that is subject to offset under the Treasury Offset Program." (Nov. 10, 2022 ECF Order.)

2

In the meantime, on September 9, 2024, Plaintiff filed a letter advising the Court of the August 26, 2024 notice of award for Plaintiff and indicating that he intended to file an application for fees under 42 U.S.C. § 406(b) once he received a final award notice regarding his auxiliary benefits claim.[2] (Letter, ECF No. 22.) On September 30, 2024, 10 days after the issuance of the notices of award for Plaintiff's auxiliaries, counsel filed the instant application requesting the award of attorney's fees under § 406(b) in the amount of $15,952.75. (Fee Mot., ECF No. 23.) In support of the application, counsel included a memorandum of law, supporting exhibits, a summary of the hours worked on the case, and a copy of Plaintiff's retainer agreement, which states that counsel may recover a contingency fee of 25% of past due benefits recovered as a result of a favorable determination. (Retainer Agreement, ECF No. 23-2, at ECF p. 53; *see also* Fee Mem., ECF No. 23-1; Exhibits, ECF No. 23-2.)

For the reasons set forth herein, counsel's fee application should be granted, awarding counsel $15,952.75 in fees and directing counsel to reimburse Plaintiff any fees received under the EAJA.[3]

---

[2] Due to the requirement that applications for fees under § 406(b) be made within 14 days of the issuance of a notice of award, counsel filed the letter to inform the Court of his intention to file a comprehensive application once a determination was made on awards for Plaintiff's auxiliaries. (Letter, ECF No. 22.) *See Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019) (holding that the 14-day deadline set forth in Fed. R. Civ. P. 54(d)(2)(B) is subject to equitable tolling in the context of an application for fees under § 406(b) because such motions depend upon the SSA's benefits calculation and that the 14-day filing period begins to run "when the claimant receives notice of the benefits calculation"). Here, where Plaintiff was awaiting a determination as to his past due benefits and those of auxiliaries, the reasoning of *Sinkler* applies with substantial force and his motion is timely as it was filed within 10 days of the issuance of the notice of award for the auxiliary beneficiaries.

[3] The Court notes that, at the time the motion was filed, counsel represented that they had not yet received payment on the fee previously awarded under the EAJA and was seeking to resolve the non-payment without the need for litigation. (Fee Mem., ECF No. 23-1, at 2 n.2.) Regardless of when it is paid, any fees received under the EAJA must be provided to Plaintiff if the full fee under § 406(b) is awarded as recommended herein.

3

## DISCUSSION

### I. Legal Standards

The Supreme Court has clearly stated that 42 U.S.C. "'§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Of relevance here, § 406(b) "authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A)). Subsection (b) also expressly allows "withholding of past-due benefits to pay these fees directly to the attorney." *Culbertson*, 586 U.S. at 56 (quotation marks omitted). Lapompe's counsel now seeks fees under § 406(b) for work done related to this federal case. (*See* Affirmation of Services, ECF No. 23-2, at ECF pp. 48–51 (summarizing attorney hours); Fee Mem., ECF No. 23-1, at 1).)

When "there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under section 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990); *see also Devenish v. Astrue*, 85 F. Supp. 3d 634, 636 (E.D.N.Y. 2015). In determining whether a requested fee is "unreasonable," district courts "should consider: (i) 'whether the contingency percentage is within the 25% cap'; ([ii]) 'whether there has been fraud or overreaching in making the agreement'; and (iii) 'whether the requested amount is so large as to be a windfall to the attorney.'" *Devenish*, 85 F. Supp. 3d. at 636 (quoting *Wells*, 907 F.2d at 372); *see also Fields v. Kijakazi*,

4

24 F.4th 845, 849 (2d Cir. 2022) (identifying factors for consideration in an unreasonableness inquiry under § 406(b) including "the character of the representation and the result the representative achieved," whether counsel caused undue delay, and "whether there was fraud or overreaching in the making of the contingency agreement," and discussing how to evaluate a potentially problematic "windfall" for counsel); *Hanna v. Kijakazi*, No. 21-CV-5543 (EK) (SJB), 2024 WL 4252032, at *1 (E.D.N.Y. Aug. 14, 2024). In addition, although fees may be awarded under both the EAJA and § 406(b), "the claimant's attorney must refund the claimant the amount of the smaller fee." *Devenish*, 85 F. Supp. 3d. at 636; *see also Gisbrecht*, 535 U.S. at 796.

## II. Analysis

The Court starts with the language of the retainer agreement and notes that it plainly provides for a 25% contingency fee, an amount consistent with the statutory cap. (Retainer Agreement, ECF No. 23-2, at ECF p. 53.) The Court further observes that counsel has been representing Plaintiff for over five years and achieved a favorable result in part through effective and efficient advocacy in this federal case as detailed above, and counsel does not appear to have caused any undue delay. (Fee Mem., ECF No. 23-1, at 9.) There is also no evidence of fraud or overreaching in the arrangement between client and counsel, who provided a fulsome fee application and a detailed summary of his work on the case, which indicates that counsel devoted 23.2 hours to these federal court proceedings. (*Id.* at 7; *see also* Affirmation of Services, ECF No. 23-2, at ECF pp. 48–51 (representing 23.2 hours of attorney work and .5 hours of paralegal time on the federal court case between June 7, 2021 and May 2, 2022).) The Court also notes that the government does not object to the proposed fee, taking the position that the question of reasonableness under § 406(b) is for the Court to decide. (Gov't Letter, ECF No. 25, at 2.) Given that all of the circumstances of the fee application here are fair

5

and reasonable and within the statutory framework, that the award would not provide a problematic windfall to counsel, and in light of the importance of contingency arrangements in ensuring that "people in need of good lawyers" are able to hire them, the Court finds that counsel's fee request is not unreasonable and should be approved. *Fields*, 24 F.4th at 849.[4]

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for attorney's fees be granted and that Plaintiff's counsel be awarded **$15,952.75** in fees under § 406(b). Plaintiff's counsel should further be directed to refund to Plaintiff any and all amounts received in connection with the fee previously awarded under the EAJA.

\* \* \* \* \*

This Report and Recommendation will be filed electronically. Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Eric R. Komitee, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir.

---

[4] Counsel correctly points out that, if evaluated on an hourly basis, the requested fee would compensate counsel at the rate of $687.61 per hour, a number that is within the range of rates that have been found reasonable by courts after the Supreme Court's decision in *Gisbrecht*. (Fee Mem., ECF No. 23-1, at 7–8 & n.5 (collecting cases).)

2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
February 7, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE